IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGIL RIVERS BEY,** | : CIVIL ACTION NO. 1:20-CV-1576 |
| Petitioner | : |
| v. | : |
| **WARDEN C. HOWARD,** | : |
| Respondent | : (Judge Conner) |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Virgil Rivers Bey challenges his conviction and sentence based on the Supreme Court's decisions in <u>United States v. Davis</u>, 588 U.S. __, 139 S. Ct. 2319 (2019) and <u>Rehaif v. United States</u>, 588 U.S. __, 139 S. Ct. 2191 (2019).  We will dismiss the petition for lack of jurisdiction.

**I.**   **Factual Background & Procedural History**

On September 29, 2004, a jury in the United States District Court for the Eastern District of New York found Rivers Bey guilty of conspiracy to commit bank robbery, bank robbery, unlawful use of a firearm, and unlawful possession of a firearm as a convicted felon.  <u>United States v. Rivers</u>, No. 1:03-CR-1120 (E.D.N.Y. Sept. 29, 2004).  Rivers Bey filed a post-trial motion for judgment of acquittal, which the court granted with respect to the unlawful possession of a firearm charge on March 10, 2006.  <u>Id.</u> at Doc. 211.  Rivers Bey was sentenced to an aggregate sentence of twenty-five years imprisonment on the same day.  <u>Id.</u>  He appealed, and the United States Court of Appeals for the Second Circuit affirmed the judgment on

April 25, 2007. United States v. Rivers, 223 F. App'x 50 (2d Cir. 2007). Rivers Bey then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 1, 2007. Rivers v. United States, 552 U.S. 923 (2007).

After the conclusion of his direct appeals, Rivers Bey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on December 4, 2008. See Rivers v. United States, No. 1:08-CV-3747 (E.D.N.Y. Dec. 4, 2008). Rivers Bey filed several motions for leave to file second or successive § 2255 motions in the ensuing years, all of which were denied. As relevant to the present case, Rivers Bey moved for leave to file a second § 2255 motion on June 22, 2016, seeking leave to challenge his conviction and sentence based on the Supreme Court's holdings in Davis, 139 S. Ct. at 2319 and Johnson v. United States, 576 U.S. 591 (2015). See Rivers, No. 1:03-CR-1120, Doc. 266. The Second Circuit denied the motion on August 10, 2020, finding that Rivers Bey had not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) were satisfied to permit a second motion. Rivers v. United States, No. 16-1994 (2nd Cir. Aug. 10, 2020).

Rivers Bey filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 31, 2020. In the petition, Rivers Bey seeks to challenge his conviction and sentence based on the Supreme Court's holdings in Davis and Rehaif. Briefing on the petition is complete and it is ripe for the court's disposition. Rivers Bey has additionally moved for an evidentiary hearing and has filed a petition for writ of mandamus asking the court to promptly adjudicate his underlying habeas corpus petition.

**II.     Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In <u>Dorsainvil</u>, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

At the outset, we find that Rivers Bey may not bring his <u>Rehaif</u> claim through a § 2241 habeas corpus petition because <u>Rehaif</u> is plainly inapplicable to the facts of this case. In <u>Rehaif</u>, the Supreme Court considered the language of 18 U.S.C. § 922(g), which makes it a criminal offense for certain classes of individuals to possess firearms. <u>Rehaif</u>, 139 S. Ct. at 2194. The Court clarified that a defendant must knowingly violate both the conduct and status elements of the statute to be convicted of unlawful possession of a firearm. <u>Id.</u> Rivers Bey was initially convicted of unlawful possession of a firearm in violation of § 922(g), but was subsequently acquitted of that offense by order of the trial court. <u>See</u> <u>Rivers</u>, No. 1:03-CR-1120, Doc. 211. Thus, <u>Rehaif</u> provides no basis for habeas corpus relief in the present case, and we will dismiss the <u>Rehaif</u> claim.

We will also dismiss Rivers Bey's <u>Davis</u> claim, as he has failed to demonstrate that a § 2255 motion is inadequate or ineffective to adjudicate the claim. Notably, the Third Circuit has held in an unrelated case that claims based on <u>Davis</u> may be brought as second or successive § 2255 motions, <u>see</u> <u>In re Matthews</u>, 934 F.3d 296, 301 (3d Cir. 2019), and Rivers Bey previously moved for leave to file a second or successive motion so that he could bring a claim based on <u>Davis</u>. <u>Rivers v. United States</u>, No. 16-1994 (2nd Cir. Aug. 10, 2020). Rivers Bey was denied leave to file a

second or successive motion, but the fact that he was "unable to meet the stringent gatekeeping requirements" of § 2255 does not mean that a § 2255 motion was inadequate or ineffective to adjudicate his claim. <u>Cradle</u>, 290 F.3d at 538. To the contrary, <u>Matthews</u> shows that § 2255 motions provide an adequate procedure to adjudicate claims based on <u>Davis</u>.

### III. <u>Conclusion</u>

We will dismiss Rivers Bey's petition (Doc. 1) for writ of habeas corpus for lack of jurisdiction. An appropriate order shall issue.

/S/ C<span style="font-variant:small-caps">hristopher</span> C. C<span style="font-variant:small-caps">onner</span>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   October 15, 2021

5