**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VIRGIL RIVERS BEY,** | : | **CIVIL ACTION NO. 1:20-CV-1576** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN C. HOWARD,** | : | |
| | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

This is a habeas corpus brought pursuant to 28 U.S.C. § 2241.  Petitioner, Virgil Rivers Bey, challenges his conviction and sentence based on the Supreme Court's decisions in <u>United States v. Davis</u>, 588 U.S. __, 139 S. Ct. 2319 (2019) and <u>Rehaif v. United States</u>, 588 U.S. __, 139 S. Ct. 2191 (2019).  We dismissed the petition without prejudice for lack of jurisdiction on October 15, 2021.  Rivers Bey has moved for reconsideration.  The motion will be denied.

I.      **<u>Factual Background & Procedural History</u>**

On September 29, 2004, a jury in the United States District Court for the Eastern District of New York found Rivers Bey guilty of conspiracy to commit bank robbery, bank robbery, unlawful use of a firearm, and unlawful possession of a firearm as a convicted felon.  <u>United States v. Rivers</u>, No. 1:03-CR-1120 (E.D.N.Y. Sept. 29, 2004).  Rivers Bey filed a post-trial motion for judgment of acquittal, which the court granted with respect to the unlawful possession of a firearm charge on March 10, 2006.  <u>Id.</u> at Doc. 211.  Rivers Bey was sentenced to an aggregate sentence of twenty-five years imprisonment on the same day.  <u>Id.</u>  He appealed, and the

United States Court of Appeals for the Second Circuit affirmed the judgment on April 25, 2007.  United States v. Rivers, 223 F. App'x 50 (2d Cir. 2007).  Rivers Bey then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 1, 2007.  Rivers v. United States, 552 U.S. 923 (2007).

After the conclusion of his direct appeals, Rivers Bey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on December 4, 2008.  See Rivers v. United States, No. 1:08-CV-3747 (E.D.N.Y. Dec. 4, 2008).  Rivers Bey filed several motions for leave to file second or successive Section 2255 motions in the ensuing years, all of which were denied.  In one such motion, Rivers Bey moved for leave to challenge his conviction and sentence based on the Supreme Court's holding in Davis, 139 S. Ct. at 2319.  The Second Circuit denied the motion on August 10, 2020, finding that Rivers Bey had not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) were satisfied to permit a second motion.  Rivers v. United States, No. 16-1994 (2nd Cir. Aug. 10, 2020).

Rivers Bey filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 31, 2020.  In the petition, Rivers Bey seeks to challenge his conviction and sentence based on the Supreme Court's holdings in Davis and Rehaif.  We dismissed the case without prejudice for lack of jurisdiction on October 15, 2021.  (Docs. 19-20).  We found that Rehaif is "plainly inapplicable" to this case because Rehaif concerns the elements necessary for a defendant to be convicted of unlawful possession of a firearm, but Rivers Bey was acquitted of that offense. (Doc. 19 at 4).  We also concluded that Rivers Bey fails to demonstrate that a Section 2255 motion is inadequate or ineffective to adjudicate his Davis claim because In re

Matthews, 934 F.3d 296, 301 (3d Cir. 2019) establishes that Section 2255 motions are an adequate and effective means of adjudicating claims based on Davis.  (Id. at 4-5).  Rivers Bey moved for reconsideration on May 5, 2022.  (Doc. 21).  The motion for reconsideration is ripe for disposition.

## II.    Legal Standard

A motion for reconsideration must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A party may not invoke a motion for reconsideration to "relitigate old matters" or present previously available arguments or evidence.  See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010)).

## III.    Discussion

Rivers Bey raises four arguments for reconsideration, none of which have merit.  First, Rivers Bey asserts that dismissal for lack of jurisdiction was improper because he properly raised his claims through a Section 2241 habeas corpus petition under In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  (Doc. 21 at 2).

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  The Third Circuit

Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*).  Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539.  "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

We squarely addressed Rivers Bey's Dorsainvil argument in our prior opinion.  As we stated previously:

> We will also dismiss Rivers Bey's Davis claim, as he has failed to demonstrate that a § 2255 motion is inadequate or ineffective to adjudicate the claim.  Notably, the Third Circuit has held in an

unrelated case that claims based on <u>Davis</u> may be brought as second or successive § 2255 motions, <u>see</u> <u>In re Matthews</u>, 934 F.3d 296, 301 (3d Cir. 2019), and Rivers Bey previously moved for leave to file a second or successive motion so that he could bring a claim based on <u>Davis</u>. <u>Rivers v. United States</u>, No. 16-1994 (2nd Cir. Aug. 10, 2020). Rivers Bey was denied leave to file a second or successive motion, but the fact that he was "unable to meet the stringent gatekeeping requirements" of § 2255 does not mean that a § 2255 motion was inadequate or ineffective to adjudicate his claim. <u>Cradle</u>, 290 F.3d at 538. To the contrary, <u>Matthews</u> shows that § 2255 motions provide an adequate procedure to adjudicate claims based on <u>Davis</u>.

(Doc. 19 at 4-5).[1] We see no error in this analysis and will deny reconsideration on that basis.

Rivers Bey's second argument is that even though he was acquitted of unlawful possession of a firearm when the trial court granted his post-trial motion for judgment of acquittal, he should still be granted habeas corpus relief because the unlawful possession of a firearm charge was put before the jury, which biased the jury in favor of convicting him on the other counts. (Doc. 21 at 2). Rivers Bey did not raise this claim in his petition, and he cannot raise it for the first time in a motion for reconsideration. Moreover, even if he had raised the claim, he has not shown that a motion under Section 2255 would be inadequate or ineffective to adjudicate the claim. Rivers Bey would have been aware of the prejudice that purportedly resulted from the unlawful possession charge being put before the jury

---

[1] Our prior opinion only addresses Rivers Bey's <u>Dorsainvil</u> argument with respect to his <u>Davis</u> claim because we previously determined that <u>Rehaif</u> was plainly inapplicable to the facts of this case. (<u>See</u> Doc. 19 at 4). Rivers Bey does not challenge our conclusion that <u>Rehaif</u> is inapposite, so we similarly decline in the present opinion to consider Rivers Bey's <u>Dorsainvil</u> argument with respect to his <u>Rehaif</u> claim.

at the time he was acquitted of the charge.  Hence, he clearly could have raised the claim in his Section 2255 motion.

Rivers Bey's third argument is that the Second Circuit order denying him leave to raise his <u>Davis</u> claim in a second or successive Section 2255 motion "was wrongly decided and generated a manifest injustice." (Doc. 21 at 2).  This claim was not raised in Rivers Bey's petition, and even it had been, this court does not have jurisdiction to overturn decisions of the Second Circuit.

Finally, Rivers Bey argues that habeas corpus relief is warranted because the conditions of his confinement violate the Eighth Amendment.  (<u>Id.</u> at 3).  He alleges that the prison in which he is incarcerated does not have adequate resources to treat his various medical conditions and that the prison is not doing an adequate job of protecting him and other inmates from the risks posed by the COVID-19 pandemic.  (<u>Id.</u> at 1, 3-4).  Rivers Bey did not raise any conditions of confinement claims in his petition, and we will deny reconsideration on that basis.

## IV.    Conclusion

We will deny Rivers Bey's motion for reconsideration.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 30, 2022